**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MATHEW HAUPT, | DOCKET NUMBER |
| Appellant, | DE-0752-21-0040-C-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: June 11, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mathew Haupt</u>, Sierra Vista, Arizona, pro se.

<u>Brandon Roby</u>, Esquire, and <u>Samuel Frank Lazzaro, Jr.</u>, Esquire, Fort Meade, Maryland, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement and found the agency in compliance with the Board's August 21, 2023 Final Order. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant is not entitled to back pay from November 16, 2021, to March 14, 2022, because he agreed to be placed in a leave without pay (LWOP) status, we AFFIRM the compliance initial decision.

On August 21, 2023, the Board issued a final order in *Haupt v. Department of Defense*, MSPB Docket No. DE-0752-21-0040-I-1 (0040 appeal), affirming the initial decision reversing the appellant's first indefinite suspension and ordering the agency to cancel the suspension, effective October 7, 2020, and pay the appellant appropriate back pay. Final Order, ¶¶ 1, 32-33 (Aug. 21, 2023). The appellant filed a petition for enforcement of that Board order, and in the compliance initial decision, the administrative judge found that under the parties' settlement agreement resolving another appeal involving the appellant, *Haupt v. Department of Defense*, MSPB Docket No. DE-0752-22-0066-I-1 (0066 appeal), the appellant waived any claim to back pay after November 15, 2021, the effective date of the appellant's second indefinite suspension. *Haupt v. Department of Defense*, MSPB Docket No. DE-0752-21-0040-C-1, Compliance File (CF), Tab 15, Compliance Initial Decision (CID) at 8. The appellant argues on review that the agency is not in compliance with the Board's order because it

has only paid him from October 7, 2020, to November 15, 2021,[2] when, in fact, he is owed back pay up to the date of his resignation on March 14, 2022. Compliance Petition for Review (CPFR) File, Tab 1 at 5-8.

The release of claims provision in the parties' settlement agreement explicitly stated that the appellant did not waive any rights with respect to the 0040 appeal, "including but not limited to all remedies, backpay, interest, and/or adjusted benefits with any final determination in the [a]gency's petition for review." CF, Tab 14 at 26. Given that the appellant's back pay claim arises from the Board's Final Order in the 0040 appeal, he did not waive it under the terms of the settlement agreement. *Id.* Thus, the administrative judge's reasoning is faulty.

Nevertheless, we find that the appellant is not entitled to back pay from November 16, 2021, to March 14, 2022. The appellant's back pay award is rooted in the Back Pay Act, which only allows for an award of back pay to the extent that an employee lost pay as a result of an action that the Board, acting within its jurisdiction, found unjustified or unwarranted. *Mattern v. Department of the Treasury*, 88 M.S.P.R. 65, ¶ 10 (2001), *aff'd*, 291 F.3d 1366 (Fed. Cir. 2002); *see* 5 U.S.C. § 5596(b)(1). Here, the appellant did not lose pay between November 16, 2021, and March 14, 2022, because of an action that the Board found to be unwarranted or unjustified. To the contrary, he lost pay because, as part of the settlement agreement, he agreed to be placed in an LWOP status from November 16, 2021, to March 14, 2022. CF, Tab 14 at 25.

Accordingly, the appellant has not shown that he is entitled to back pay from November 16, 2021, to March 14, 2022. As the agency paid the appellant

---

[2] The appellant asserted in his filings that the agency owes him back pay from November 15, 2021, to March 14, 2022. CF, Tab 13 at 7; CPFR File, Tab 1 at 7. However, the record reflects that the appellant was in a pay status, per the administrative judge's interim relief order, on November 15, 2021. CF, Tab 14 at 18, 36-39. Therefore, we agree with the agency that the period in contention is immediately after November 15, 2021, i.e., November 16, 2021, to March 14, 2022. *Id.* at 5.

from October 7, 2020, to November 15, 2021, we agree with the administrative judge's finding that the agency is in compliance with the Board's order. CID at 8.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.CFc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.CFc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.